UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARL DWIGHT DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. SA-09-CA-910-FB |
| | § | |
| HOME DEPOT USA, INC. | § | |
| and THE HOME DEPOT, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

This order addresses plaintiff Carl Dwight Davis's motion for appointment of counsel.[1]

Section 1915 of Title 28, United States Code, permits the Court to " request an attorney to represent any person unable to afford counsel."[2]  Section 1915 applies when the court permits a party to file a case without prepayment of costs.  In this case, Davis did not request in forma pauperis status from this Court because he initially filed his case in state court.  Later it was removed by defendants to federal court.  Because Davis did not request in forma pauperis status, section 1915 does not authorize the Court to request counsel to represent him.

To the extent Davis considers himself indigent and thus eligible under section 1915, the court considers the following factors in determining whether to appoint an attorney to represent an indigent party: "(1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to

---

[1]Docket entry # 26.

[2]28 U.S.C. § 1915(e).

require skill in the presentation of evidence and in cross examination."[3] Consideration of those factors in this case does not warrant the appointment of counsel.

Davis sued Home Depot USA, Inc. and The Home Depot (together, Home Depot) for negligence based on alleged damages caused by a falling rug.[4] The law and burdens in regard to negligence claims are well-settled. Davis's allegations present no novel issues of law. Davis is a high school graduate and reports some college course work.[5] The pleadings Davis has filed since his attorney withdrew[6] indicate Davis is capable of investigating and presenting his case without the assistance of counsel, to include cross-examining witnesses who may contradict his version of facts. Finally, the Court is mindful that Davis can re-urge his motion at a later stage of this litigation, and the Court may consider appointment of counsel sua sponte if warranted. The motion for appointment of counsel (docket entry #26) is therefore DENIED.

With this matter resolved, I provide the following instructions to assist Davis in proceeding without counsel. In federal court, civil lawsuits are governed by the Federal Rules of Civil Procedure.[7] Compliance with the rules is mandatory. Under the rules, a party to a lawsuit must make initial disclosures under Rule 26, submit to a deposition under Rule 30, answer interrogatories from the other party under Rule 33, produce documents requested under Rule 34,

---

[3] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted).

[4] Docket Entry # 1, exh. 2.

[5] Docket Entry # 26.

[6] *See, e.g.*, docket entry # 21 (responding to the court's order by asking for an extension of time to secure replacement counsel); # 25 (explaining his attorney withdrew after receiving video evidence that he could work despite his claim that he cannot work).

[7] *See* Fed. R. Civ. Proc. 1.

and respond to requests for admission under Rule 36. If a party fails to comply with these requirements, the court may sanction the party under Rule 37, to include holding the party in contempt of court. I direct Davis to immediately familiarize himself with the Federal Rules of Civil Procedure.

I also direct Davis to review this district's pro se manual.[8] The pro se manual explains the course of a lawsuit and discusses a pro se plaintiff's obligations in prosecuting his lawsuit. At this point, Davis should be familiar with the actions discussed in the Step 2 of the manual. Finally, Davis should familiarize himself with the district's Local Rules, particularly Rule CV-7. Under Rule CV-7, Davis must file a response within eleven days of service of a motion.[9] "If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed."[10] Defendants filed a motion for summary judgment on August 23, 2010. Because Davis may have been unaware of the need to respond to Home Depot's motion for summary judgment,[11] I extend Davis's deadline for responding to the motion until **October 1, 2010.**

**SIGNED** on September 21, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] The pro se manual is available at the clerk's office and at: www.txwd.uscourts.gov.

[9] *See* Local Rule CV-7(d) ("If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of the motion. The response shall contain a concise statement of the reasons and opposition to the motion and citations of the specific legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed.").

[10] *Id*.

[11] Docket entry # 23.