UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARL DWIGHT DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. SA-09-CA-910-FB |
| | § | |
| HOME DEPOT USA, INC. | § | |
| and THE HOME DEPOT, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
        Chief United States District Judge

This report and recommendation addresses the pending motion for summary judgment.[1] This case arose from plaintiff Carl Dwight Davis's complaint alleging negligence as a premises liability claim against defendants Home Depot USA, Inc. and The Home Depot (together, The Home Depot). Davis maintains he was injured when a rolled-up area rug fell on him at the Home Depot store in New Braunfels. Davis was represented by an attorney when he filed this case, but the attorney withdrew from representation[2] after The Home Depot's attorney presented a video of Davis performing work that contradicted his claim of disabling injury.[3] Since that time, Davis was given the opportunity to retain counsel.[4] Davis was unable to retain a new attorney. Davis

---

[1] Docket entry # 23.

[2] Docket entry #s 19 & 20.

[3] Docket entry # 25, exh. 1 (letter from Home Depot's attorney to Davis's former attorney discussing the conflict in Davis's deposition testimony and the video footage showing Davis doing manual labor).

[4] Docket entry # 22.

asked the court to appoint an attorney to represent him,[5] but the court has limited if any authority to appoint an attorney to represent a plaintiff in a negligence/premises liability case and the court denied the motion finding this case did not present exceptional circumstances. The court instructed Davis to review the pro se manual and advised him about the necessity of responding to the motion for summary judgment.[6] Davis responded to the motion, but maintains that he cannot prosecute his case pro se.[7] The motion for summary judgment is ripe for resolution.

**Texas law requires the plaintiff to prove all elements of his premises liability claim**. "Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred."[8] When the alleged rug-falling incident occurred, Davis was an invitee because he entered the store with the store's knowledge and for the mutual benefit of both—Davis to research stain for a customer[9] and The Home Depot to sell home improvement products.[10] As a plaintiff-invitee, Davis must prove the following:

---

[5] Docket entry #s 26 & 30.

[6] Docket entry # 29.

[7] Docket entry #s 30 & 31.

[8] *Western Investments v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

[9] Docket entry # 24, exh. B, p. 26, lines 1-6.

[10] *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) ("An invitee has been described as one who enters on another's land with the owner's knowledge and for the mutual benefit of both."). "The test to determine whether a person is an invitee at the time and place of the injury is 'whether the owner of the premises should have anticipated the presence of someone such as the plaintiffs at that particular place on the premises.'" *Peerenboom v. HSP Foods*, 910 S.W.2d 156, 162 (Tex. App.—Waco 1995, no writ) (internal citation omitted). The parties do not dispute The Home Depot, by opening a store to sell home improvements products, should have anticipated the presence of a customer such as Davis at the particular place on the premises where Davis maintains the rug fell on him.

>    (1) The Home Depot had actual or constructive knowledge of complained-about condition;
>
>    (2) The complained-about condition posed an unreasonable risk of harm;
>
>    (3) The Home Depot as the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
>    (4) The Home Depot's failure to use such care proximately caused Davis's injury.[11]

The Home Depot argued that it is entitled to summary judgment because no evidence exists that The Home Depot had actual or constructive knowledge that a rug was leaning against a display so as to fall and injure Davis.[12] The Home Depot relied in part on Davis's deposition wherein Davis testified that he did not know "how the rug got to be placed where it was."[13] Because The Home Depot made a proper summary-judgment argument, the burden shifted to Davis to "set out specific facts [by documentary evidence] showing a genuine issue for trial."[14]

Davis did not present summary-judgment evidence raising a fact question about whether The Home Depot had actual or constructive knowledge that a rug was leaning against a display so as to fall and injure Davis. Instead, Davis stated that he cannot produce evidence to prove that The Home Depot did or did not know that the rug was placed where a customer could be

---

[11] *Star Enterprise v. Marze*, 61 S.W.3d 449, 461 (Tex. App.—San Antonio 2001, pet. denied). *See also CMH Homes v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000) (listing same elements and explaining that the "duty owed by an owner or occupier of premises to an invitee is not that of an insurer," but instead the "duty owed is to exercise reasonable care to protect against danger from a condition . . . that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover.").

[12] Docket entry # 23. The Home Depot also maintains that it is entitled to summary judgment because Davis adduced no evidence that The Home Depot was a possessor of the premises. Docket entry # 23, p. 7. Although a plaintiff must prove "the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred," *Braudrick v. Wal-Mart Stores*, 250 S.W.3d 471, 476 (Tex. App.—El Paso 2008, no pet.), the court need not reach this argument if it accepts the recommendation presented in this report.

[13] Docket entry # 24, exh. B, p. 36, lines 4-5.

[14] Fed. R. Civ. P. 56(e)(2).

injured.[15]  Davis further stated that "[s]omeone had to put the rug there; a vendor, a customer, or an employee."[16]  While that much is obvious, the fact that someone placed the rug where it was does not relieve Davis of his burden to prove all elements of his claim.  If a party sues someone, he must prove his case.  Although Davis complains that he cannot present summary-judgment evidence to raise a fact question because he is not a lawyer, pro se litigants often survive summary judgment.  This case is not novel.  The Home Depot is entitled to summary judgment because Davis failed to present summary-judgment evidence raising a fact question about whether The Home Depot had actual or constructive knowledge of the complained-about condition.

**Recommendation**.  Because Davis failed to present summary-judgment evidence precluding summary judgment, I recommend granting the motion for summary judgment (docket entry # 23) and entering summary judgment in favor of The Home Depot.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[17]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for

---

[15]Docket entry # 13, p. 2.

[16]*Id*.

[17]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[18] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[19]

**SIGNED** on October 20, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[18] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[19] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).